# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| James Edward Rose, Jr., #1432, | ) | Civil Action No.: 2:22-cv-00886-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Sheriff Duane Lewis, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court due to Plaintiff's failure to comply with the United States Magistrate Judge's third proper form order dated May 25, 2022. (ECF No. 15.) This is an action filed by a pretrial detainee, proceeding *pro se* and *in forma pauperis*. In the May 25 order, the Magistrate Judge directed Plaintiff to file an amended complaint within twenty-one (21) days from the date of the order, plus three (3) days for mail time. The order was mailed to Plaintiff on May 25, 2022 and has not been returned as undeliverable. It is therefore presumed that Plaintiff received the order but has neglected to comply within the time permitted under the order.

Plaintiff's lack of response indicates an intent to not prosecute this case, and subjects the case to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*). "The court has "inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp*., No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an

'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

Notably, the United States Court of Appeals for the Fourth Circuit recently affirmed a Rule 41 dismissal where a plaintiff failed to file an amended complaint in response to a court order, stating that, despite the plaintiff's assertion he "chose" to stand on his complaint, a plaintiff "cannot choose whether or not to comply with a court order." *Justice v. N.C. Dep't Health & Hum. Servs. Sec'y*, No. 20-1597, 2022 WL 42465, at *2 (4th Cir. Jan. 5, 2022) (unpublished) ("even if the district court's [prior order] was error, the court subsequently dismissed the case for failure to comply with a court order, rendering any error irrelevant."). A review of the record indicates that the Magistrate Judge specifically informed Plaintiff that if he failed to comply with the Magistrate Judge's instructions, this case would be subject to dismissal. Accordingly, this case is dismissed without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 29, 2022
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.